IN THE COMMON PLEAS COURT OF
ALLEGHENY COUNTY, PENNSYLVANIA

Civil Division - Law

DAVID PAYO,
  Plaintiff

v.

DOCTOR D.W. STECHSCHULTE JR., in his official Capacity as Medical Director of the Allegheny County Jail,
ORLANDO HARPER, in his official capacity as Warden of the Allegheny County Jail,
WELPATH, in their official capacity as Medical Provider of the Pennsylvania Department of Corrections,
DOCTOR ANDREW J. DANCHA, in his individual and official Capacity as Regional Medical Director at SCI-Laurel Highlands,
Practising Nurse Mathews, (CRNP) in his individual and official Capacity at SCI-Laurel Highlands
  Defendant's

Case No. GD-17-012123

Jury Trial Demanded

AMENDED COMPLAINT

U.S.C. § 1983 CIVIL RIGHTS ACTION in State Court



I

# JURISDICTION

Original jurisdiction of the Common Pleas Court is exclusive pursuant to 42 Pa. Con. Sta. Ann. § 931 (b) in this matter. Venue is also properly addressed in Allegheny County Pennsylvania.

II

# PARTIES

1) Plaintiff, David Payo is an incarcerated state inmate currently housed in State Correctional Institute (hereinafter) SCI, Pine Grove, with a business address of 189 Fyock Road Indiana, PA 15701.

2) Defendant, Doctor D.W. Shechschulte Jr. is the Medical Director at the Allegheny County Jail (hereinafter) ACJ, with a business address of 950 Second Avenue Pittsburgh, PA 15219.

3) Defendant, Orlando Harper is the Warden of the ACJ with a business address of 950 Second Avenue Pittsburgh, PA 15219

1.

4) Defendant, Wellpath is the current Medical Provider of the Pennsylvania Department of Corrections (hereinafter) DOC, with a business address of 600 North 12th Street Suite 100 Lemoyne, PA 17043.

5) Defendant, Andrew J. Dancha is the Regional Medical Director at SCI-Laurel Highlands with a business address of 5706 Glades Pike, Somerset, PA 15501

6) Defendant, Nurse Mathews, is a nurse practitioner at SCI-Laurel Highlands with a business address of 5706 Glades Pike Somerset, PA 15501

## III
## FACTS

7) Plaintiff David Payo was arrested and charged with robbery on or around June 8, 2017 and incarcerated at the ACJ.

8) Plaintiff was recovering from a spinal fusion Laminectomy surgery performed at UPMC Shadyside Hospital by Nuerosurgeon Doctor Ghassan Bejjani on February 29, 2016.

9) Plaintiff upon admission to the ACJ had documented proof of a pain management

2.

regimen of 3600 mg's Gabapentin, 40 mg Baclifen and 1800 mg's of Ibuprofen daily.

10) Plaintiff's chronic pain management medication was terminated upon his arrival at the ACJ for "NO" medically justified reason other than to cause him undo hardship and pain and suffering without regard to plaintiffs ongoing medical disability.

11) Plaintiff asserts that on or around June 14, 2017 while housed on Pod 4A of the ACJ, Plaintiff fell causing a re-injury to his ailing back condition.

12) Plaintiff contends he was transferred to the ACJ Infirmary Pod 5B were x-rays were performed and Gabapentin was administered by the Medical Director Dr. Stechschulte, even though the jails policy is a Gabapentin free facility.

13) Plaintiff contends that he was never informed of the x-ray results nor were any other tests scheduled (MRI, Cat scan) to check for soft tissue damage, on around June 20, 2017 plaintiff was sent back to general population and his Gabapentin was subjected to a gradual Discontinu-

14) Plaintiff avers that the Medical Directors review of said x-rays should have verified the instument in plaintiffs lumbar back thus given credense to proper medical neccessity to pain manage-

3.

15) Plaintiff asserts that Defendant, Dr Shechschul[te] should never have terminated plaintiff's much needed nerve pain medication Gabapentin an[d] also scheduled a lumbar MRI or Cat Scan to rule out soft tissue damage as the result of plaintiff re-injuring his back from the fall[.]

16) Plaintiff asserts that after the discontinue [of] said nerve pain medication Gabapentin, Defend[ant] Dr. Shechschulte did not prescribe a substitut[e] for this medication. leaving plaintiff in conside[rable] pain.

## IV

### DELIBERATE INDIFFERENCE

17) Plaintiff incorporates paragraph 1 thru 16 as though the same were set fully forth herein and after at length.

18) Plaintiff brings this action under the Civil Rights Act of 1964.

19) This action arises from the U.S. Constitution[s] Eighth and Fourteenth Amendment clause to remain free from cruel and unusual punishment and;

4.

    a) Pain and suffering,

    b) Deliberate Indifference,

    c) Inadequate medical care.

20) Plaintiff asserts that it is Warde Orlando Harper's responsibility for all aspects inside the ACJ, he is required to impliment a sick call policy that adequately assures all inmate with any and all medical issues that arises to be addressed.

21) Plaintiff contends that he filed dozens of sick call requests for Two (2) months upon his arrival at the ACJ without ever being called to have his medical issues addressed.

22) Plaintiff contends that it wasn't untill his initial filing of this said complaint that the sick call proceedure changed and a nurse came on the Pod several times per week.

23) Plaintiff asserts that the policies, practice and customs in practice at the ACJ's medical department are still not in compliance with County, State or Federal standards.

5.

24) Plaintiff contends that under the color of state Law, defendant Orlando Harper role as Warden of the ACJ facility including the medical department falls under the umbrella of his overall responsibitities in concert with other defendants violate plaintiff's Eighth and Fourteenth Amendment Rights and Article 1 § 13 of the Pennsylvania Constitution's right to remain free from cruel and unusual punishment by providing

    a) adequate medical care,

    b) Pain relief medication

    c) adequate medical tests

25) Plaintiff incorporates paragraph 1 thru 24 as though the same were set fully forth herein after at length.

26) Plaintiff brings this action under the Civil Rights Act of 1964.

27) This action arises from the U.S. Constitution's Eighth and Fourteenth Amendment's clause to remain free from cruel and unusual

6.

Punishment and;

    a) pain and suffering,

    b) deliberate indifference,

    c) adequate medical care,

## V
## DELIBERATE INDIFFERENCE

28) Plaintiff asserts that he was transferred from the ACJ into the DOC, SCI Laurel Highlands on or around March 19, 2019 in which he was under the medical care of Medical Director Dr. Andrew Dancha with WellPath as the DOC's medical provider.

29) Plaintiff contends that after several attempts at other pain medications (Kepra)(Pamelor) which cause adverse reactions, Dr. Dancha approved a low dose of Gabapentin.

30) Plaintiff asserts this at this facility he had to walk 1/4 mile to each meal and medical pill line, in which his gabapentin was not sufficient any longer.

7.

31) Plaintiff continue to request an increase of gabapentin through the sick call proceedure at Laurel Highlands and also ibuprophen, Dr. Dancha approved the ibuprofen but refused to increase the gabapentin even though plaintiff's back condition continued to get worse,

32) Plaintiff contends that he showed Dr. Dancha documented records where he was prescibed 1200 mg's of gababentin 3 times daily in which this defendant ignored an refused an increase of this medication.

## VI
## DELIBERATE INDIFFERENCE

33) Plaintiff incorporates paragraphs 1 thur 32 as though the same were set fully forth herein and after at length.

34) Plaintiff brings this action under the Civil Rights Act of 1964,

8.

35) This action arises from the U.S. Constitutions Eighth and Fourteenth Amendment clause and Article 1 § 13 of the Pennsylvania Constitutio to remain free from cruel and unusual punishment and;

    a) Pain and Suffering,
    b) Deliberate Indifference,
    c) Inadequate medical care.

36) Plaintiff contends that on or around the Month of January 2020, he was required to consult with Nurse Mathews for all of plaintiff's sick call visits.

37) Plaintiff asserts that at every visit ~~this~~ Nurse Mathews charged plaintiff the sick call co-pay and never prescribed anything for the medical issue in question.

38) Plaintiff contends that Nurse Mathews Discontinued plaintiff Ibuprofen anti-inflamitory medication because as he said it was having adverse effect on plaintiff's Kidneys, even though plaintiff continued

9.

to take Ibuprofen on a regular bases in which all blood test showed No adverse effects afterwords,

39) Plaintiff asserts that he informed Nurse Mathe of his continued use of Ibuprofen with No adverse effects on his Kidney's in which Nurs Mathews still refused to reorder plaintiffs Ibuprofen.

40) Plaintiff asserts that this deliberate refusal to oder any anti-inflammitory medication even to sobstitute for the Ibuprofen is in fact unorthidox for a medical proffesional and a devious effort to cause undo harm and pain and suffering.

41) Plaintiff contends that on or around March 17 2020, he was accused of theatening and officer and sent to restrictive housing unit (RHU), in which Two (2) gabapentin tablets were alleged to have been found in plaintiff property.

42) Plaintiff contends that because of the discovery of contraband medication assumed to be plaintiffs Dr. Dancha discontinued said medication deliberately depriving plaintiff of any effective means of pain relief.

10.

43) Plaintiff contends that the assumption of Dr. Dancha in concert with Nurse Mathews and other defendants deliberately depriving plaintiff his "chronic pain regimen" medications with sadistic intent to cause pain and suffering and cruel and unusual punishment that plaintiff is ~~gaurrent~~ guaranteed against by the U.S. Constitution

## VII
## CRUEL AND UNUSUAL PUNISHMENT

44) Plaintiff incorporates paragraph 1 thru 43 as though the same were set fully forth herein and after at length.

45) Plaintiff brings this action under the Civil Rights Act of 1964.

46) This action arises from the U.S. Constitution's Eighth and Fourteenth Amendment clause and Article 1 § 13 of the Pennsylvania Constitution

11.

# VIII

## REQUESTED RELIEF

47) Plaintiff's requested relief is as follows;

    a) Compensatory damages $250,000.00,

    b) Punitive damages $25,000.00,

    c) Any and all addition medical cost,

    d) And and all relief this Court deems just and proper.

# IX

## ADMINISTATIVE REMEDIES

48) Plaintiff has exhausted his administative remedies and has still waited patiently for his final appeal to be forwarded.

Date: 5-25-20

Respectfully Submitted

David Payo #HS7147
SCI Pine Grove
189 Fyock Road
Indiana PA 15701

12.

# CERTIFICATE OF SERVICE

I David Payo, plaintiff certify that a true and complete copy of the forgoing Amended Complaint has been sent via U.S. First class mail or County sheriff service on 25th day of May, 2020; to the following

Lee Dellecker
300 Fort Pitt Commons Bldg.
445 Fort Pitt Boulevard
Pittsburgh, PA 15219

Well Path
600 N. 12th Street
Suite 100
Lemoyne, PA 17043

Andrew J. Dancha
SCI - Laurel Highlands
5706 Glades Pike
Somerset, PA 15501

Mr. Mathews - CRNP
SCI Laurel Highlands
5706 Glades Pike
Somerset PA 15501

Honorable Judge
Alan Hertzburg
414 Grant St.
City / County Bldg.
Pittsburgh PA 15219

_David Payo_
David Payo Pro-Se